No. 324

### First Circuit

---

### CULBERTSON v. COUSIN

---

(June 12, 1928. Opinion and Decree.)
(June 30, 1928. Rehearing Refused.)
(November 26, 1928. Judgment affirmed by Supreme Court on Write of Certiorari and Review.)

---

Miller & Heintz, of Covington, attorneys for plaintiff, appellee.

Huddleston Kenner, of New Orleans, attorney for defendant, appellant.

ELLIOTT, J. C. Harry Culbertson brought suit for $79.84 against Lawrence A. Cousin; alleging that same was due him on account of cord wood sold by him to the defendant.

The defendant, for answer, denied owing the plaintiff.

He next pleaded as an exception, the pre-

scription of three years as a barrier to plaintiff's action.

He next appeared and filed a supplemental answer, alleging against the plaintiff a demand for $228.40 in reconvention, for wood hauled on plaintiff's account, less a credit of $28.45; and prayed for judgment in said amount against the plaintiff in reconvention.

The lower court, without ruling on the plea of prescription, rendered judgment in favor of the plaintiff as prayed for, and rejected defendants demand in reconvention. The defendant appealed.

It cannot be determined from the order of appeal nor from the appeal bond, whether the appeal is from the judgment in favor of the plaintiff on account of the cord wood, or whether it is from the judgment rejecting defendant's demand in reconvention. We solve the question in favor of the defendant, that the appeal is from the judgment which rejects his demand in reconvention. As the lower court did not rule on the plea of prescription, and as that plea was directed against plaintiff's demand, on account of cord wood, the appeal does not bring up that question for review.

When the defendant started to take testimony concerning his demand in reconvention, plaintiff objected, on the ground that the demand came too late. The objection was good. Code Practice, Arts. 153, 328. But as the lower court did not rule on the objection it must have been abandoned. Supposing to the objection to have been abandoned, the burden of proof was on the defendant to establish his demand. He testifies that the amount is due him for hauling wood. The plaintiff testifies that he has paid the defendant all he ever owed him for hauling.

The district court held with the plaintiff in the matter.

The facts and circumstances disclosed by letters exchanged between the plaintiff and defendant do not indicate the existence of any indebtedness on the part of the plaintiff to defendant, on that account or otherwise.

We are unable to say that the lower court erred in rejecting defendant's demand.

Defendant and appellant to pay the cost in both courts.